Filed 1/23/26  In re I.C. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re I.C. et al., Persons Coming Under the Juvenile Court Law.

| | |
|---|---|
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E086861 |
| Plaintiff and Respondent, | (Super.Ct.No. DPIN2200085) |
| v. | OPINION |
| M.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elizabeth Tucker and Susanne S. Cho, Judges.  Affirmed in part, conditionally reversed in part, remanded with instructions.

Law Office of Marissa Coffey and Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel and Prabhath Shettigar, Deputy County Counsel for Plaintiff and Respondent.

In this dependency case, defendant and appellant M.P. (mother) appeals from orders establishing a legal guardianship for two of her children and jurisdiction and disposition findings and orders as to three other children. Her only argument is that plaintiff and respondent Riverside County Department of Public Social Services (department) failed to conduct an adequate inquiry under the Indian Child Welfare Act (ICWA). The department concedes its ICWA inquiry was inadequate. The parties agree, as do we, that the legal guardianship order should be conditionally reversed and the matter remanded for the department to complete its ICWA inquiry.[1] We otherwise affirm the judgments.

## FACTS

The five children at issue are N.C. (born Oct. 2013), I.C. (born Nov. 2016), R.P. (born Feb. 2019), Ry.P. (born Feb. 2020) and Re.P. (Aug. 2021).[2] The two oldest have the same father, as do the youngest three. The department filed dependency petitions for the children in October 2022.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code. "In addition, because ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1, disapproved on other grounds in *In re Dezi C.* (2024) 16 Cal.5th 1112 (*Dezi C.*).)

[2] Mother has three other, older children who are not part of this appeal, one of whom was already an adult when the dependency started.

The three youngest children have Indian ancestry through their father; they are enrolled members of the Great Seminole Nation of Oklahoma and may have ancestral ties to other tribes. Mother denied having any Indian ancestry, as did the maternal grandmother, the father of the two oldest children, and the oldest child. Although a number of other maternal relatives may have been readily available for inquiry— including mother's three surviving siblings, the two older children's godmother, a maternal grandmother and maternal step-grandmother, and mother's adult child—there is no record that the department conducted any such inquiry. The father of the two oldest children denied any Indian ancestry. He provided the names of his parents to the department, but the department did not contact them.

In July 2025, the juvenile court issued orders establishing a legal guardianship for the two oldest children, including a finding that ICWA does not apply as to them, and terminated jurisdiction. In September 2025, the court sustained the dependency allegations as to the three youngest children, adjudged them dependents of the court, removed them from parental custody, ordered their father to receive reunification services, and bypassed reunification as to mother.

## DISCUSSION

Mother argues the department's ICWA inquiry was inadequate because it did not include readily available maternal extended relatives other than the maternal grandmother. She asks that the orders establishing a legal guardianship for the two older children be conditionally reversed and the matter remanded for the department to

3

complete its ICWA inquiry. The department "acknowledges that there were inadvertent omissions" in its ICWA inquiry and does not oppose a conditional reversal. We agree conditional reversal is appropriate.

The department's duty of initial inquiry includes asking extended family members whether the children are, or may be, Indian children. (See *In re J.S.* (2021) 62 Cal.App.5th 678, 686 [initial duty to inquire applies in every dependency]; § 224.2, subd. (b)(2) [expanded duty of inquiry after children removed from parental care].) On appellate review after dependency proceedings are completed, if the ICWA inquiry was inadequate, we must order "conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court] rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.) Where dependency proceedings are ongoing "and all parties recognize the *continuing* duty of ICWA inquiry," there is no need to disturb juvenile court findings and orders because "both the Agency and the juvenile court have an adequate opportunity to fulfill those statutory duties." (*In re S.H.* (2022) 82 Cal.App.5th 166, 179 (*In re S.H.*).)

It is undisputed that the department has not yet satisfied its duty of inquiry as to maternal extended relatives. Conditional reversal of the orders establishing a legal guardianship and terminating dependency jurisdiction as to the two older children is therefore appropriate. (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.) Per *In re S.H.*, we need not

4

disturb the jurisdictional and dispositional findings and orders as to the three younger children, whose dependencies are ongoing.

## DISPOSITION

We conditionally reverse the orders establishing a legal guardianship for N.C. and I.C. and terminating dependency jurisdiction over them. We remand the matter to the juvenile court with directions to comply with the inquiry provisions of ICWA and of sections 224.2—and, if applicable, the notice provisions of section 224.3 as well. If, after completing the inquiry, neither the department nor the court has reason to know that the children are Indian children, then the court shall reinstate the orders. If the department has reason to know N.C. and I.C. are Indian children, the court shall proceed accordingly. In all other respects, the judgments are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:

McKINSTER_____
Acting P. J.

LEE_____
J.

5